HOOD, Judge.
Plaintiff, Gayle Dartez (now Mrs. Marcus Viator), instituted this suit for damages for personal injuries sustained by her in an accident involving a pick-up truck owned by John D. Roche. The suit was instituted against Continental Casualty Company, insurer of the Roche vehicle. Judgment was rendered by the trial court in favor of defendant, and plaintiff has appealed.
The issues presented are factual, the principal question being whether the truck was being driven by Miss Dartez or by Roche at the time of the accident.
The accident occurred about 3:45 a. m. on August 10, 1967, on Louisiana Highway 343, in Vermilion Parish. The highway at that point is a straight, blacktopped, two-lane highway, running north and south. The only vehicle involved was the pick-up truck owned by Roche, and it was occupied at that time solely by Roche and by plaintiff. There were no other eye witnesses to the accident.
Plaintiff and Roche met at the Corral Lounge, in Kaplan, about 10:00 o’clock on the evening of August 9. They remained there visiting with friends and drinking until about 2:30 a. m. on August 10, when plaintiff asked Roche to drive her to Abbe-ville. She explained that she and her boyfriend (now her husband) had had an argument earlier that day and that she *386 wanted to find him and talk to him. Roche consented, and he and plaintiff then left the Corral Lounge in Roche’s truck and drove to Abbeville, a trip which required 15 to 20 minutes to make. The evidence is uncontradicted that plaintiff, Miss Dartez, drove the truck from the time they left Kaplan until they arrived in Abbe-ville.
Miss Dartez testified that she drove to Alex’s Lounge, in Abbeville, hoping to find her boyfriend there, and that she then got out of the truck and went to the door of the lounge, but found that it was locked. She stated that while she was out of the truck Roche moved into the driver’s seat, and that when she returned he announced that he would drive. Her testimony continues that she then got into the truck, seating herself to the right of the driver, and that Roche then proceeded to drive back toward Kaplan. She remembers that shortly thereafter Roche turned off the Abbeville-Kaplan highway, which runs east and west, onto Highway 343, which runs north and south, but she said she remembers nothing more after that turn was made until she regained consciousness in the hospital after the accident. She assumes that she went to sleep in the truck after they left Abbe-ville.
Roche testified that he went to sleep in the truck shortly after they left Kaplan to go to Abbeville, with Miss Dartez driving. He confirms the latter’s statement that they stopped at Alex’s Lounge in Abbeville, that Miss Dartez reported that the door to that establishment was locked, and that when she returned to the truck they agreed to go back to Kaplan. He testified, however that Miss Dartez occupied the driver’s seat of the truck at that time, and that she was driving it when they left Alex’s Lounge and started back to Kaplan. He stated that he was seated to her right in the truck, that he again went to sleep shortly after they got on the Abbeville-Kaplan highway, and that he remembers nothing more as to what happened until he woke up in the hospital later that day, after the accident had occurred. Roche testified that Miss Dartez was “definitely” driving when the accident took place, and that he did not drive the truck at any time after they left Kaplan an hour or more before the accident occurred.
The truck traveled a distance of about two miles on Louisiana Highway 343, after it turned off the Abbeville-Kaplan road, before the accident occurred. The evidence shows that it was being driven north when it was wrecked, that it ran off the west side of Highway 343 and traveled a distance of 312 feet before it struck a concrete culvert, that after striking this culvert it hurtled through the air a distance estimated by an investigating officer at 105 feet, that after striking the ground it traveled an additional distance of 87 feet before it finally came to rest in the ditch on the west side of the highway, facing south. Tools and debris from the truck were strewn along the highway in that area and the vehicle was a total loss. These physical facts indicate that the truck was being driven at an excessive rate of speed, and that the driver did not maintain proper control of it. No other vehicle was involved, and the evidence does not show that an emergency existed. It is apparent that the driver of the truck was negligent.
The trial judge held that plaintiff had failed to prove by a preponderance of the evidence that Roche was driving the truck at the time of the accident. He also concluded that, in any event, both of the occupants of the truck were intoxicated, that plaintiff assumed the risk of riding in the truck under those circumstances, and that she thus was barred from recovery.
Plaintiff contends that the trial judge erred in failing to find that Roche was driving. She bases that argument on two circumstances: (1) After the accident occurred the investigating officers found a man’s shoe underneath the brake, near the *387 steering post, of the truck; and (2) when the officers arrived at the scene they found Roche lying near the left front wheel of the truck. Plaintiff argues that these two circumstances show that Roche must have been driving. We do not agree.
As we have already noted, the truck traveled a total distance of 504 feet after it left the highway. While traveling that distance, it struck a culvert, was hurtled through the air, and it continued to travel a substantial distance after striking the ground and before it finally came to rest. A shoe or any other object in the truck must have been thrown around considerably during those maneuvers. We, like the trial judge, thus attach no significance to the fact that a man’s shoe, which we assume belonged to Roche, was found on the driver’s side of the vehicle after the accident had occurred.
The fact that Roche was near the left front wheel of the truck when the investigating officers arrived also is of no significance. The testimony of one of these officers is that Roche was conscious when he arrived, although he was in a state of shock, that “he was trying to crawl,” and that he did not know how far Roche had crawled before the officer got there. Another officer found him “kind of lying down against the wheel, in a crouched position,” that he was conscious, that he was moving, that he was trying to get up, that he made an effort to go to the shoulder of the blacktop, and that the officer “helped him get on the black-top.” These facts indicate that Roche was conscious and was able to move around after the accident, although he has no recollection of being conscious at that time. The fact that the officers found him near the left front wheel of the wrecked truck some time after the accident occurred, therefore does not indicate that Roche had been driving.
We agree with the trial judge that the evidence fails to show that Roche was driving the truck at the time the accident occurred. Plaintiff thus has failed to establish negligence on the part of defendant’s insured.
Since we have concluded that plaintiff has failed to show that Roche was driving, it is unnecessary for us to’ consider the argument made by defendant that plaintiff is barred from recovery because of her assumption of the risk.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.